United States District Court
Southern District of Texas
**ENTERED**
March 19, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-20-3908 |
| § | |
| NOLLEY *et al.*, § | |
| § | |
| Defendant(s). § | |

**MEMORANDUM AND OPINION**

In September 2001, Waverly Nolley and Pamela Nolley conveyed real property on Heights Boulevard in Houston, Texas,[1] to WRN Holdings, LLC. (Docket Entry No. 1 at ¶ 14). The United States alleges that the conveyance was fraudulent because at the time, the Nolleys "owed hundreds of thousands of dollars in federal income tax, penalties and interest." (*Id.* at ¶¶ 16–17). In November 2020, the United States sued the Nolleys and WRN Holdings, seeking, among other things, to set aside the conveyance. (*Id.* at ¶ 20).

The Nolleys divorced in December 2020. The divorce decree awarded Pamela Nolley "a 70% net proceeds interest" in the Heights Property and ordered the property to be sold within one year. (Docket Entry No. 18 at 5). The decree also awarded Waverly Nolley a "30% net proceeds interest" and ordered him to: (1) "pay all federal, state and local tax liability, whether incurred in

---

[1] The legal description of the property is as follows:

> ALL OF LOT TWENTY (20), THE NORTH 3/4THS OF LOT NINETEEN (19) AND THE SOUTH 3/4THS OF LOT TWENTY-ONE (21), IN BLOCK TWO HUNDRED NINETY (290) OF HOUSTON HEIGHTS, A SUBDIVISION IN HARRIS COUNTY TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF, RECORDED IN VOLUME 1-A, PAGE 114 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS.

(Docket Entry No. 1 at ¶ 14). The Nolleys' divorce decree shows that they intended to list it at a sales price of $4,800.000.00. (Docket Entry No. 20 at 8).

his name, the name of any business awarded to him or in the joint names of Waverly and Pamela Nolley"; (2) "make all payments of principal, interest, taxes and insurance" on the property pending its sale; and (3) "hold Pamela Nolley and her property harmless from his failure to discharge the debts and obligations imposed on him" by their divorce decree. (*Id.*).

In February 2021, Pamela Nolley answered in this lawsuit and cross-claimed against Waverly Nolley, alleging that, because he failed to pay the federal taxes that the United States sought, he caused her to defend herself in the United States' lawsuit and endangered her net-proceeds interest in the Heights Property. (Docket Entry No. 18). She seeks a declaratory judgment that: (1) Waverly Nolley is liable for "all taxes and other debts" arising from his failure to comply with their divorce decree; and (2) "all such taxes and debts be paid from the 30% net proceeds interest" awarded to him and not from her 70% interest. (*Id.* at 6).

Waverly Nolley has moved to dismiss Pamela Nolley's cross-claim under Rule 12(b)(1). (Docket Entry No. 20). Pamela Nolley has responded, and Waverly Nolley has replied. (Docket Entry Nos. 21, 22, 25).[2]

Under Rule 12(b)(1), "a claim is properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012) (quotation marks omitted). The plaintiff has the burden to establish subject-matter jurisdiction. *Id.* "Courts may dismiss for lack of subject matter jurisdiction on any one of three different bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or

---

[2] Waverly Nolley filed a "supplement" to his Rule 12(b)(1) motion that was styled as a Rule 12(b)(6) motion. (Docket Entry No. 25). But the motion's arguments are jurisdictional. The court construes Docket Entry No. 25 as a supplement to Waverly Nolley's Rule 12(b)(1) motion.

(3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant Cty.*, 798 F.2d 736, 741 (5th Cir. 1986).

Waverly Nolley asserts that this federal court lacks subject-matter jurisdiction over Pamela Nolley's cross-claims because they are based on a state-court divorce decree.  He relies on *Ankenbrandt v. Richards*, 504 U.S. 689 (1992), for the proposition that a federal court "has no subject matter jurisdiction over family law matters and especially the enforcement or interpretation of a state divorce decree." (Docket Entry No. 22 at 3).  The domestic-relations exception to federal jurisdiction "encompasses only cases involving the *issuance* of a divorce, alimony, or child custody decree." *Ankenbrandt*, 504 U.S. at 704 (emphasis added).  The exception is rooted in diversity jurisdiction.  If there is an "independent basis for federal jurisdiction," the exception does not apply. *Estate of Merkel v. Pollard*, 354 F. App'x 88, 92 (5th Cir. 2009) (quoting *United States v. Bailey*, 115 F.3d 1222, 1231 (5th Cir. 1997)).  The United States invoked this court's jurisdiction under 26 U.S.C. §§ 7401 and 7403, not diversity of citizenship, and no party seeks a divorce, alimony, or child custody decree.  The domestic-relations exception does not apply.

Waverly Nolley next argues that Pamela Nolley lacks standing because the divorce decree awarded her only a net-proceeds interest in the Heights Property.  (Docket Entry No. 25 at 4). Pamela Nolley has standing because her interest is potentially affected by the resolution of the United States' claims.  The United States seeks a judgment holding Waverly Nolley and Pamela Nolley jointly and severally liable for their alleged income tax liabilities.  (Docket Entry No. 1 at ¶ 13).  The United States is asking the court to enforce federal tax liens against the Heights Property to satisfy those liabilities.  (*Id.* at ¶ 33).  Doing so could affect Pamela Nolley's proceeds from selling the property.

The United States is also seeking to set aside the allegedly fraudulent conveyance of the Heights Property to WRN Holdings.  (*Id.* at ¶ 20).  If the United States proves that the conveyance was fraudulent, it may recover the property value or the amount of the claim, whichever is less.  *GE Capital Commercial, Inc. v. Worthington Nat. Bank*, 754 F.3d 297, 302 (5th Cir. 2014) (quoting TEX. BUS. & COM. CODE § 24.009(b)).  If the United States obtains a judgment against the Nolleys, it may levy execution on the Heights Property or its proceeds.  TEX. BUS. & COM. CODE § 24.008(b)).  In short, if the United States succeeds in this action, its execution of judgment likely affects how much money Pamela Nolley will receive from the sale of the Heights Property.  She has standing to pursue her cross-claim.

Waverly Nolley also argues that the cross-claim should be dismissed because the divorce decree provides for continuing jurisdiction over the sale of the Heights Property, the appointment of a receiver, the designation of a listing broker, and the procedure to adjust the sales price.  (Docket Entry No. 25 at 5; *see* Docket Entry No. 20 at 7–9 (terms and conditions for selling the Heights Property)).[3]  Those terms are relevant to the United States' claims as well as to Pamela Nolley's cross-claim, because the United States asks this court to approve the sale of the Heights Property through a receiver or judicial sale.  (Docket Entry No. 1 at ¶ 35).  That the divorce decree established terms for selling the property as part of the Nolleys' divorce does not preclude jurisdiction here.

Finally, Waverly Nolley requests $2,500 in attorney's fees for responding to Pamela Nolley's cross-claim.  (Docket Entry No. 20 at 3).  He cites no authority for such an award.  The court denies his request.

---

[3] The state court appointed a receiver to sell the Heights Property if it remains unsold as of November 13, 2021.  (Docket Entry No. 20 at 8–9).

5

Waverly Nolley's motion to dismiss Pamela Nolley's cross-claim, (Docket Entry No. 20), is denied.

SIGNED on March 19, 2021, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge